## C. C. JACKSON, Appellant, v. H. C. DUMMIT, Respondent.

### St. Louis Court of Appeals, May 7, 1895.

1. **Justices' Courts**: SECURITY FOR COSTS AFTER APPEAL OF CAUSE. When an appeal from the judgment of a justice of the peace has been taken by the defendant, the plaintiff can not be required to give security for costs in the appellate court.

2. ———: REPLEVIN: REQUIREMENT FOR NEW BOND. Nor can the plaintiff, in an action of replevin instituted before a justice of the peace, be required, on the appeal of the cause by the defendant, to give a new replevin bond when the defendant has retained the possession of the property in controversy by giving a delivery bond.

*Appeal from the Barry Circuit Court.*—HON. J. C. LAMSON, Judge.

REVERSED AND REMANDED.

*Pepper & Steele* for appellant.

No brief filed for respondent.

BIGGS, J.—This is an action of replevin. It was commenced before a justice of the peace. The defendant gave a delivery bond, and retained possession of the property. One of the sureties on the replevin bond becoming dissatisfied, the justice required the plaintiff to give a new bond. On the trial before the justice,

the finding and judgment were for the plaintiff, and the defendant appealed. When the case reached the circuit court, the plaintiff, on the defendant's motion, was required to give a new bond. The circuit court dismissed the case for the failure of the plaintiff to comply with the rule, and the plaintiff appealed.

Whether the order of the circuit court contemplated the giving of a new replevin bond or simply bond for costs, it is impossible to say. The order required the plaintiff to file an *additional* bond, and the final judgment of dismissal recites that the sureties in the bond given before the justice were insolvent and without sufficient property to pay *the costs* of the proceedings. If mere cost bond was intended, it is very clear that the action of the court was unauthorized, for the reason that on appeal from a justice of the peace if the plaintiff is appellee, he can not be required to give security for costs. R. S. 1889, sec. 2917.

On the other hand, if a new replevin bond was intended, the action of the court is equally indefensible. The right of defendant to demand such a bond did not exist, for the reason that he had possession of the property. R. S. 1889, sec. 7486. It could not be demanded merely for the purpose of securing the costs, for that would be violation of section 2917, *supra.*

The judgment of the circuit court will be reversed and the cause remanded. All the judges concur.